PHILLIPS, Clifton  
Case Summary  
Page 2

NYSID#: 3 797 660 M

DIN#: 99-A-1263

Exhibit one (1)

## DESCRIPTION OF CURRENT VIOLATIVE BEHAVIOR (continued)

report on 7/9/15 he tested positive for cocaine and OPI. He claimed that he was unknowingly in a house where they where cooking cocaine and that he did not know how the heroin got in his system. On 7/20/15 this writer was again notified that the subject was not properly attending his designated treatment program and would be discharged.

On 7/21/15 with the presence of this officer and other members of NYS Parole the Syracuse Police Department conducted a search warrant of the subjects parole approved residence. As a result of that search the subject was arrested and charged with CPCS 3rd, CPCS 4th, Use of Drug Paraphernalia 2nd (2counts), and CPCS 7th.

## CIRCUMSTANCES OF CUSTODY

On 7/21/15 NYS Parole along with members of Syracuse Police Department, US Marshalls, and Onondaga County Sheriffs where conducting home inspections of designated parolees as part of G.I.V.E. detail. The subject was subsequently pulled over by SPD at approximately 8:30am and found to be driving without a valid NYS driver's license and in possession of nearly $4,000. It should be noted that the subject did not immediately pull over for the officers. His car was searched and this writer responded to the traffic stop. The subject was then transported back to his parole approved residence by this writer and P.O. Golembeski.

Parole Officer's and Syracuse Police Detectives cleared the residence for possible threats and observed in plain sight, drug paraphernalia and possible drug residue. All residence where taken into custody and escorted to the down stairs living room. SPO Rigby was notified and responded to the residence with other members of the search detail. Since there were multiple adults at the residence and there was the possibility of more drugs in the residence, the Syracuse Police Department requested and obtained a search warrant for 303 W. Pleasant Ave Syracuse, N.Y.

The warrant was issues and the residence was searched. Drugs where found in the house, including heroin and cocaine. Drug paraphernalia including packaging baggies and medical face mask where also discovered. It was mentioned by members of the SPD drug task force that medical face masks are frequently used by individuals packaging heroin. The subject was arrested by Syracuse Police and later charged with CPCS 3rd, CPCS 4th, Use of Drug Paraphernalia 2nd (2counts), and CPCS 7th. He was transported to OCJS and on 7/22/15 parole warrant # 702850 was lodged.

## GENERAL ADJUSTMENT TO PAROLE SUPERVISION

The subject's adjustment to parole supervision could be considered as poor. His claims to be working for a construction company but, "things where slow" in the middle of summer and he was not getting called. He did not regularly attend program and provided positive toxicology screens both at program and at the Syracuse Area Parole Office. It would appear that Parole Supervision does not deter this subject from criminal behavior.

## PRESENT STATUS

Subject is currently incarcerated at OCJC on Parole Warrant # 702850.

# STATEMENT

**STATE OF NEW YORK**
**COUNTY OF ONONDAGA**
**CITY OF SYRACUSE**

TIME STARTED 11:20 am        DR # 15-377256

I, P.O. P. Casler, being duly sworn, state I am 33 years of age DOB 5/26/82 and my address is 333 E. Washington St. My occupation is Parole Officer, my work address is 333 E. Washington St Syr. and I have completed 17 years of school. I can be reached at the following phone numbers, _____ home and (315)459-3153 work.

On 7/21/15 at approx 9:00am I, P.O. P. Casler responded to a traffic stop of a parolee under my supervision. Parolee Phillips, Clifton, was pulled over and detained by SPD as part of a GIVE detail. Upon arrival I was notified that the subject was found to be in possession of approx $4,000. Myself and P.O. Golembeski searched the subject's vehicle briefly, took custody of the subject and transported him back to his parole approved residence of 303 W. Pleasant St. Syracuse N.Y.

At the subject's residence I removed his house keys along with a key for a Toyota vehicle from his right rear pocket. The subject identified the house keys to this writer. Myself and P.O. Golembeski entered the residence with the subject. SPD officers on scene assisted us with securing the house for officer safety. The subject's wife was sitting on the couch in the living room, she stated that she was only one in the house. While securing the upstairs the subject's son, Clifton Phillips, and his girlfriend where also found to be in the residence. All persons in the house were taken to downstairs livingroom and placed on couch for officer safety. While clearing the rest of the house officers noticed drug paraphernalia and suspected drug residue. At this time all subjects where detained on couch and SPO Righy was notified. Scene was secured until additional officers arrived.

TIME ENDED 11:35 am

I have read this statement ( had this statement read to me ) which consists of _1_ page (s) and the facts contained therein are true and correct to the best of my knowledge.

**NOTE: FALSE STATEMENTS MADE HEREIN ARE PUNISHABLE AS A CLASS A MISDEMEANOR PURSUANT TO SECTION 210.45 OF THE PENAL LAW OF THE STATE OF NEW YORK.**

Affirmed under the penalty of perjury, this 21 day of July, 20 15.

P. Casler P.O.
signature

_____ P.O.
Witness

B (12-94)

## CNYLEADS Narrative Supplement 1

| Agency Name | | | | | | |
|---|---|---|---|---|---|---|
| Syracuse Police Department | | | | | | DR # 15-377256 |
| Incident Type | Person Type | Victim Type | | | | |
| DRUG | VI | Society | | | | |
| Last Name | First | Middle | Suffix | DOB / / | Business Name State of New York | |

On 21 Jul 15 while assigned as a Sergeant within the Special Investigations Division (Unit #811) this writer assisted other members of Law Enforcement in a Operation "GIVE" Parole detail. During the course of the detail one of the targets of the operation for Parole (Clifton Phillips) was observed departing his residence and subsequently being stopped (see other reports filed under this DR#). It should be noted that during the initial attempted stop of Phillips he did not immediately stop his vehicle and it appeared that he made a call from his cellular phone just prior to complying with the stop. Just after Phillips was stopped a second male was observed departing the residence driving a blue Dodge Journey bearing N.Y. Reg. GUV-4533 and which was occupied by a black female passenger. It should also be noted that as this male exited the residence he went directly to a garbage can on the east side of the front of residence and placed some item (not visible) in the garbage and then entered his vehicle. The vehicle was surveilled travelling to University Hospital where the black female was dropped off and the male proceeded to the 400 block of S. Crouse Av. where he entered the rear parking lot and parked the vehicle. Based on this writers past experience in the area of drug investigations I am aware of the fact that persons involved in the trafficking of illicit drugs, when confronted by the Police immediately after departing their residence will make attempts to contact co-conspirators to discard any items of an evidentiary nature that remain at the residence in the case of further police investigation.

The vehicle was approached by this writer along with Detectives Staub and Braun while it was parked in the rear parking lot of 410 S. Crouse Av. and the driver was identified as Jonathan D. Cooper. For information relative to the initial conversations with Cooper reference reports filed by Det. Braun under this DR#.. As a result of the conversations with Cooper he granted initial consent to search his person and the vehicle which he stated belonged to his girlfriend (Amiara Phillips) that he had just dropped at work. During an inspection of the vehicle this writer noted after-market wiring near the center console of the vehicle which is consistent with that of a vehicle which is equipped with a "stash box" or secreted location to transport and conceal illicit drugs and/or weapons,. This writer was also advised of a substantial amount of U.S. currency which was observed in the center console of the vehicle (and which I also observed).

This writer was contacted by other members of the detail who were currently at the residence at 303 W. Pleasant (where Cooper and Phillips had departed from) and advised of observations they had made in plain view within the residence. Based on this conversation this writer advised that we would be securing Cooper and the vehicle as well as the residence at 303 and applying for search warrants. At that time I directed Detective Metz to secure the vehicle at the residence and Det.'s Braun and Staub secure Cooper at the residence to await the arrival of the search warrants.

While at the scene on W. Pleasant the same black female that had departed the residence with Cooper in the Dodge (at the onset of the investigation) arrived on scene and proceeded to loiter across the street for the duration of the incident. This female would ultimately be identified as Amiara E. Phillips, daughter of Clifton Phillips, girlfriend of Cooper and registered owner of the Dodge Journey. It should also be noted that during the course of awaiting the arrival of the search warrants the group of family/friends loitering in the area observing the Police activities would range from several persons to upwards of twenty people who were all warned to keep the street clear and to remain on the opposite side of the street from the actual residence or down the street.

Once the search warrants were signed and the scene was to be processed this writer requested that Sr. Parole Officer Paul Rigby have (at least) two of his Parole Officers post in the front of the residence to provide visual security for the target vehicles in the driveway and street directly in front of the residence (left wheel to curb) as well as the police vehicles. All members of the Syracuse Police, Onondaga County Sheriffs Office, United States Marshalls and remaining Parole Officers were directed into the residence to complete the search.

| False Statements made herein are punishable as a Class A Misdemeanor pursuant to 210.45 NYSPL AFFIRMED UNDER PENALTY OF PERJURY | | | | |
|---|---|---|---|---|
| 12 PRINT NAME David Proud | 13 ID# 0148 | 14 SIGNATURE Electronically Signed | Administrative Use Only 15 SUPERVISOR NAME (PRINT) Sgt M J Hartnett | 16 ID# 0330 | 17 APPROVED DATE 07/27/2015 | 17 APPROVED BY SIGNATURE Approved Electronically | Page 2 of 3 |

Form 3 SNC (Rev 2/07)

This investigation was initiated on the 21st day of July 2015, and I was working in my capacity as a Detective within the Special Investigations Division/Narcotics Section. At this time I was assigned to assist members of the Special Investigations Division, NYS Parole Department, Onondaga County Sheriff's Office, GVTF, and the US Marshalls Office, during a multi-agency Impact Detail. At approximately 0830 hrs I, along with Detective Eiffe, assisted NYS Parole in the vehicle stop of **Parolee Clifton Phillips (DOB 11/18/1957)**. Phillips was placed on the list for visitation by Parole supervisor Rigby. Phillips had multiple positive drug tests for cocaine and is currently on Parole supervision for felony drug charges.

At approximately 0815 hrs, we were advised by surveillance units that Phillips had left his residence operating a red Ford van, bearing NY Registration FZS-7320. At the direction of NYS Parole we attempted to execute a vehicle and traffic stop of the said vehicle in the area of Valley Dr @ South Ave. As we activated our emergency lights and siren, Phillips disregarded such attempt to stop him and he continued to travel west on Glenwood Ave for an additional two blocks. During the flight we could observe Phillips moving about the driver's seat and reaching down towards the middle section of his body and out of our view. Phillips then stopped his vehicle and he was taken into custody. Phillips then indicated that he was in possession of greater than $4,000 on his person, but had no legitimate means of employment. Parole Officers Golembeski and Casler then responded to the location of the stop and took Phillips into custody.

During the time of the stop surveillance advised that a second vehicle had left the residence, said vehicle being a blue Dodge SUV, bearing NY Registration GUV-4533. At this time it could not be determined if Phillips had called someone at his residence and advised them that he had been stopped, providing them time to move or discard potential evidence. Subsequent to the traffic stop of the Dodge SUV, it was determined to have a suspended registration. The driver of the vehicle was identified as Jonathan Cooper. Subsequent to a search of the vehicle, Detectives located a large sum of US currency and an amount of white powder substance, consistent in appearance with that of cocaine, within the vehicle. It should be noted that information had been recently developed from a confidential source that Jonathan Cooper was involved in the distribution of cocaine within the City of Syracuse. Cooper also advised that he was not gainfully employed at this time and could provide no legitimate reason for possessing this quantity of currency.

7

Exhibit Five (5)

| | |
|---|---|
| FELONY | DR# 15-377256 |
| COMPLAINT ❘ INFORMATION | DOCKET _____ |

GENERAL INFORMATION

# Criminal Court of the City of Syracuse

STATE OF NEW YORK      ) ss:
COUNTY OF ONONDAGA  )

*People of the State of New York*
*vs.*
**Clifton Phillips (11-18-1957): Defendant**

I, Police Detective S. Fura #466 the COMPLAINANT herein, residing at 511 S. State Street, Syracuse New York. ACCUSE, **Clifton Phillips (11-18-1957)**, the DEFENDANT in this action, and charge that on or about the 21st day of July 2015, at 303 West Pleasant Avenue in the CITY SYRACUSE, COUNTY OF ONONDAGA, STATE OF NEW YORK, at about 1358 o'clock in the afternoon, said DEFENDANT did commit the felony/misdemeanor of Criminal Possession of a Controlled Substance in the 4th degree contrary to the provisions of Section 220.09 Sub (1) of the Penal Law of the STATE OF NEW YORK by **knowingly, unlawfully,**

**Law Section:** A person is guilty of criminal possession of a controlled substance in the fourth degree when he knowingly and unlawfully possesses one or more preparations, compounds, mixtures or substances containing a narcotic substance and said preparations, compounds, mixtures or substances are of an aggregate weight of 1/8 of an ounce or more.

**To Wit:** On the above date, time and location, the above named defendant, Clifton Phillips (11-18-1957) did intentionally, knowingly and unlawfully possess 40 individual colored glassine envelopes in 4 bundles/10 bag increments wrapped with a clear rubber band. Each glassine envelope contained a tan powder like substance. The defendant also possessed 10 green colored glassine envelopes wrapped with a clear rubber band in 1 bundle/10 bag increments containing a tan powder like substance. These items were contained in a knotted clear plastic bag. The above listed substance was later weighed utilizing a certified digital scale, yielding an aggregate weight of 3.64 grams, which is in excess of 1/8 of an ounce.

I have been trained at the Police Academy in the identification of illegal substances and the administration of the various field test kits to test for illegal substances. Based upon this training and experience, including over 3 years of assignment as a Narcotics Detective and over 11 years experience as a Police Officer in which I have conducted numerous narcotics related investigations and made hundreds of narcotics related arrests, I recognized the above listed substance to be consistent with heroin. As such, I administered and a #3 Nitric Acid heroin field test kit to a sample portion of the tan powder like substance, which resulted in a positive indication for the presence of heroin.

The above mentioned tan powder like substance was located in defendant's son's bedroom floor within plain view of this writer. This item was located during the execution of a lawful drug search warrant for the location signed by the Honorable Syracuse City Court Judge Karen Uplinger on the 21st day of July 2015. The defendant possessed multiple boxes of white colored glassine envelopes and clear rubber bands matching the ones recovered from the defendant's son's bedroom. Coinciding with that, latex gloves, breathing masks and numerous clear sandwich bags used for the packaging and distribution of heroin were recovered from the defendant's bedroom. There were no items (dirty spoon, needles, cotton balls etc...) recovered during the execution of drug search warrant that indicated the defendant was a consumer of heroin. The 50 individual dosage units are in excess of what would be considered personal use of a user of heroin over a short period of time and have a monetary street level value of approximately $500.00. The defendant possessed multiple items within the residence indicating his intent to distribute narcotics.
Criminal Possession of a Controlled Substance in the Fourth Degree is a class C Felony

Being the source of deponent's information and the grounds of his belief as to all matters herein stated upon information and belief are based upon and derived from the annexed affidavit of sworn to on the day of, and /or on personal knowledge.
**(XX) WHEREFORE I REQUEST THAT CRIMINAL PROCESS BE ISSUED TO COMPEL THE DEFENDANT TO ANSWER THE AFORESAID ACCUSATION.**
    **NOTE:** False statements made herein are punishable as a Class A misdemeanor pursuant to section 210.45 of the Penal Law of the State of NEW YORK.

Sworn before me this
       day of           , 2015

AFFIRMED UNDER PENALTY OF PERJURY this
21st day of July, 2015

**OR**

_____
CLERK OF CITY COURT – CRIMINAL DIV.

_____ #466
COMPLAINANT

Exhibit Six (6)

beige chunky substance; (15) money ($3,705.); (16) money ($1,360.); (17) seven cellular telephones; (18) two glassine envelopes, each containing brown/tan powder; and (19) 50 white, green glassine envelopes containing tan powder substance.

(d) Count 1: 50 envelopes of heroin with a total weight of 1.509 grams, found in a safe in an upstairs bedroom.

Count 2: 50 envelopes of heroin with a total weight of 1.509 grams, found in a safe in an upstairs bedroom.

Count 3: one knotted and one piece of plastic both containing cocaine with a total weight of 5.990 grams, found in the basement.

Count 4: one knotted and one piece of plastic both containing cocaine with a total weight of 5.990 grams found in the basement.

(e) The defendant acted in concert with Andrea Phillips and Clifton Phillips, Jr. in the commission of each of these crimes.

(f) The People intend to argue that the items located in the residence are associated with the packaging and distribution of narcotic drugs and are evidence of the defendant's possession with the intent to sell. Further, the People intend to argue that the money recovered from the defendant's home and person, as well as co-defendants as part of this investigation represent the proceeds of uncharged drug sales.

(g) The defendant possessed 50 envelopes of heroin, found in a safe in an upstairs bedroom of his home. The defendant also possessed 5.990 grams of cocaine in the basement of his home.

(h) The defendant was operating a red Ford van bearing NY Reg FZS-7320 in the area of Valley Drive at South Avenue, but refused to stop and continued West on Glenwood Ave for an additional two blocks.

7

Exhibit Seven
(7)

| FELONY | MISDEMEANOR | DR# 15-377256 |
| COMPLAINT | INFORMATION | DOCKET _____ |

GENERAL INFORMATION

# Criminal Court of the City of Syracuse

STATE OF NEW YORK     ) ss:
COUNTY OF ONONDAGA    )

*People of the State of New York*
vs.
Clifton A. Phillips Sr(11-18-57) : Defendant

I, Detective W. Summers #409, the COMPLAINANT herein, residing at 511 S. State Street, Syracuse New York. ACCUSE, Clifton A. Phillips Sr, the DEFENDANT in this action, and charge that on or about the 21st day of July 2015, at 303 W. Pleasant Ave. in the CITY SYRACUSE, COUNTY OF ONONDAGA, STATE OF NEW YORK, at about 2:34 o'clock in the afternoon, said DEFENDANT did commit the felonies and misdemeanor of Criminal Possession of a Controlled Substance in the Third, fourth, and Seventh degrees contrary to the provisions of Section 220.16 Sub 1, 220.09 sub 1 and 220.03 of the Penal Law of the STATE OF NEW YORK by * knowingly, unlawfully.

To Wit: On the above date, time and location, the above defendant, Clifton A. Phillips Sr), did knowingly and unlawfully possess (2) knotted plastic bags, each containing a quantity of a beige chunky substance.

A field test was performed on a sample portion of the beige chunky substance using a Narco Pouch 904B cocaine test kit, which resulted in a positive color reaction for the presence of cocaine. Each knotted bag was weighed using a digital scale, which yielded an aggregate weight of 3.3 grams and 4.1 grams respectively; a total aggregate weight of 7.4 grams, which is in excess of one eighth (1/8) of an ounce. 7.4 grams is excess of what an individual would possess for personal consumption and was packaged in a "freestyle" manner to expedite its sale on the street. This amount can typically be broken down into approximately 70-75 individual doses for street-level re-sale and would garner the distributor between $700-$800 in profit.

This deponent has been a Police Officer for over 22 years and is currently assigned to Special Investigations Division/Narcotics Section. During the course of my law enforcement career, I have made hundreds of arrests for the possession and sale of illegal/narcotic substances and I have been the primary case detective for numerous drug related search warrants. As such, I have become familiar with the identification of illegal drugs and the field testing of illegal drugs based on police academy training and continually field use. This training in the use of drug test kits has been updated through periodic in-service training and proficiency in their applications

The defendant possessed the cocaine in between the floor joist and retaining wall in the basement of the defendant's residence, during the execution of a lawful drug search warrant in which the defendant was present. The defendant had full and unrestricted access to the basement and cocaine. The search warrant was signed by the Honorable Syracuse City Court Judge Karen Uplinger on July 21, 2015.

During the execution of this search warrant and the defendant's person, several items commonly used in the packaging and preparation of illegal drugs were recovered. These items included a white glassine envelopes, rubber bands, Inositol, baggies and $3,705.00 in multiple denominations of U.S. currency recovered from his person. $15, 600.00 in multiple denominations of U.S. currency was recovered from the defendant's bedroom closet. All of these factors indicate the defendant's possession of the beige chunky substance with intent to sell.

Criminal Possession of a Controlled Substance in the Third Degree is a class "B" Felony.
Criminal Possession of a Controlled Substance in the Fourth Degree is a class "C" Felony.
Criminal Possession of a Controlled Substance in the Seventh Degree is a class "A" Misdemeanor.

That the source of deponent's information and the grounds of his belief as to all matters herein stated upon information and belief are based upon and derived from personal knowledge.

**(XXX) WHEREFORE I REQUEST THAT CRIMINAL PROCESS BE ISSUED TO COMPEL THE DEFENDANT TO ANSWER THE AFORESAID ACCUSATION.**

NOTE: False statements made herein are punishable as a Class A misdemeanor pursuant to section 210.45 of the Penal Law of the State of NEW YORK.

Sworn before me this
    day of      , 2015

OR

AFFIRMED UNDER PENALTY OF PERJURY this
21st day of July 2015

_____
COMPLAINANT

CNYLEADS Narrative Supplement 2

| AGENCY | | | | | DR # |
|---|---|---|---|---|---|
| Syracuse Police Department | | | | | 15-377256 |
| Person Type | Last Name | First | Middle | Suffix | Business Name |
| V1 | | | | | State of New York |

a controlled substance.

The determination was then made to obtain a search warrant for the premiss. During the investigation Parolee Phillips advised that he was going to utilize the monies he possessed to pay off a vehicle that he had recently acquired, that being a 2003 Toyota 4-Runner (VIN#JTEBU14RX30008179) that was parked within his driveway. Phillips relayed that he has already obtained the title and has the keys to the vehicle. A secondary vehicle was also located within the driveway, that being a 1996 Chevrolet Lumina (VIN#2G1WL52M2T1156167). With my training and experience it is common for individuals involved in the distribution and possession of illegal substances to utilize exterior storage locations, including but not limited to vehicle(s) both registered and unregistered, to secrete their contraband. This practice is used to separate or distance the involved parties from the illegal substances and obstruct Police detection and recovery. Both described vehicles being accessible to all occupants of the residence.

At this time search warrants were obtained for the residence of 303 W. Pleasant Ave, for the persons of Clifton Phillips Sr and Jonathan Cooper, and the following vehicles: Ford Freestar, Dodge Journey, Toyota 4-Runner, and a Chevrolet Lumina (all specified within the warrant application and this reports vehicle supplement). Entry photographs were then taken by Detective Sgt. Proud and a systematic search of the residence was conducted with the following items being located and recovered as evidence and ultimately transferred to the possession of this Detective:
-Mail in the name of Clifton Phillips Jr/dining room by Kittell 1341 hrs
-Mail in the name of Andrea Phillips/dining room by Kittell 1341 hrs
-Mail in the name of Clifton Phillips Sr/kitchen drawer by Summers 1344 hrs
-Money/master bedroom closet by Emond 1349 hrs
-ID in the name of Clifton Phillips Sr/master bedroom by Emond 1350 hrs
-White wax envelopes, clear rubber bands, and box of sandwich bags/master bedroom dresser drawer by Emond 1351 hrs
-Money/side bedroom on headboard by Metz 1353 hrs
-Safe containing money, ID in Clifton Phillips Jr name, green/brown plant material in knotted plastic/bedroom of Clifton Phillips Jr by Metz 1357 hrs
-Green/brown plant material in knotted plastic/Clifton Phillips Jr bedroom floor by Metz 1358 hrs
-ID in the name of Queenasia Frank/Clifton Phillips Jr bedroom by Metz 1358 hrs
-Digital scale/Clifton Phillips Jr bedroom by Metz 1358 hrs
-White and green wax packets containing brown powder/Clifton Phillips Jr bedroom floor by Metz 1358 hrs
-White chunky residue/top of dresser in master bedroom by Ballagh 1405 hrs
-Plastic gloves, masks, and sandwich box, torn pieces of plastic/master bedroom trash by Proud 1409 hrs
-Bottle of Inositol/basement by Summers 1434 hrs
-2 knotted pieces of plastic containing white/off-white chunk substance/basement by Summers 1434 hrs
-Money/Clifton Phillips Sr person by Fura 1439 hrs
-Cellular phones/Fura 1440 hrs

A sample of the green/brown plant material, recovered from the room of Clifton Phillips Jr, was field tested via a Duquenois Levine test kit, which resulted in a positive reaction for the presence of marihuana. The substance was weighed and yielded an aggregate weight of 29.4 grams. Subsequently Clifton Phillips Jr and Queenasia Frank, whom showed to exercise control over the room, were charged with criminal possession of marihuana in the 5th degree and the unlawful possession of marihuana.

Upon further inspection of the knotted bag containing wax packets of brown powder, located in the room of Clifton Phillips Jr, it was determined to be 5 bundles (50 packets) in 5 separate rubber banded bundles. Each wax packet contained an amount of brown powder, consistent in packaging and appearance to that of heroin. A field test was conducted on a sample of the substance via a 3 Nitric Acid test kit, which resulted in a positive reaction for the

| False Statements made herein are punishable as a Class A Misdemeanor pursuant to 210.45 NYSPL AFFIRMED UNDER PENALTY OF PERJURY | | | Administrative Use Only | | | | |
|---|---|---|---|---|---|---|---|
| PRINT NAME | ID# | SIGNATURE | SUPERVISOR NAME (PRINT) | ID# | APPROVED DATE | APPROVED BY SIGNATURE | Page 10 of 11 |
| Scott Fura | 0466 | Electronically Signed | Sgt A Llukaci | 0582 | 07/27/2015 | Approved Electronically | |

Form 3 SN (Rev 2/07)

20

## CNYLEADS Narrative Supplement 1

| Agency Name | | | | | DR # |
|---|---|---|---|---|---|
| Syracuse Police Department | | | | | 15-377256 |

| Incident Type | Person Type | Victim Type | | | |
|---|---|---|---|---|---|
| DRUG | VI | Society | | | |

| Last Name | First | Middle | Suffix | DOB / / | Business Name State of New York |
|---|---|---|---|---|---|

On 21 July 2015 while assigned to the Special Investigations Division/Narcotics Section, this writer along with other members of the Special Investigations Division, Onondaga County Sheriff's Office and New York State Parole were assigned to a compliance check detail for individuals (parolees) that were currently on supervised release. During the course of these compliance checks, members of New York State Parole respond to the parolee's current addresses and conduct a search of it to make sure that the individual on parole is abiding by the supervised release standards. If any items (drugs, weapons, paraphernalia etc...) are located by members of New York State Parole, members of the Special Investigations Division are immediately notified and we continue the investigation from that point forward.

At approximately 1333 hours on the 21st of July 2015, I was assisting other members of the Special Investigations Division, Onondaga County Sheriff's Officer and New York State Parole in executing a lawful drug search warrant for the residence of 303 West Pleasant Avenue. This search warrant was signed by the Honorable Syracuse City Court Judge Karen Uplinger on the above listed date. While conducting this search, I was able locate the following items which photographed, recovered and later turned over to Det. Fura (case agent) before being submitted to evidence vault at the PSB or Property Room #18:

- $110.00 in US Currency located in the bedroom on the southeast corner of the residence on top of the headboard at 1353 hours
- YMCA identification card in the name of "Clifton Phillips Jr" located in a safe in Clifton Phillip's Jr.'s bedroom at 1357 hours
- $10.00 in US Currency located in a safe in Clifton Phillips Jr.'s bedroom at 1357 hours
- $1360.00 in US Currency located in a safe in Clifton Phillips Jr.'s bedroom at 1357 hours
- (2) knotted bags containing green/brown plant like material. First smaller knotted bag was located on the Clifton Phillips Jr.'s bedroom floor in plain view and second larger knotted bag was located in a safe in Clifton Phillips Jr.'s bedroom. These items were recovered at 1358 hours
- NYS DLIC in the name of "Queenasia Frank" located in Clifton Phillips Jr.'s bedroom at 1358 hours
- one operable black digital scale located in Clifton Phillips Jr.'s bedroom at 1358 hours
- Forty (40) white glassine envelopes containing a tan powder like substance and ten (10) green colored glassine envelopes containing a tan powder like substance located on the bedroom floor of Clifton Phillips Jr.'s bedroom at 1358 hours.

The two knotted bags containing a green/brown plant like material were later field tested using a Duqenoise Levine Marijuana Field Test kit, which yielded a positive reaction for the presence of marijuana. These two items were also weighed using a certified digital scale, yielding an aggregate weight in excess of 29 grams. A sample portion of the tan powder like substance contained in the white and green colored glassine envelopes was field tested using a #3 Nitric Acid Heroin field test kit. This field test yielded a positive reaction for the presence of heroin.

Based on my training and experience in drug related investigations, the 50 individual doses of heroin located in Clifton Phillips Jr.'s bedroom are in excess of what would be considered personal use for an individual user of heroin over a short period of time. There were also no items (dirty spoon, needles, cotton balls etc...) located during the execution of this search warrant that would indicate anyone in the residence is a user/consumer of heroin. All of the individuals utilizing the residence were questioned about the heroin use and none of them indicated that there current users of the drug.

continued next page

| False Statements made herein are punishable as a Class A Misdemeanor pursuant to 210.45 NYSPL AFFIRMED UNDER PENALTY OF PERJURY | Administrative Use Only | Page 2 of 7 |
|---|---|---|
| 12 PRINT NAME: David Metz | 13 ID# 0281 | 14 SIGNATURE Electronically Signed | 15 SUPERVISOR NAME (PRINT) Sgt D P Proud | 16 ID# 0140 | APPROVED DATE 07/24/2015 | 17 APPROVED BY SIGNATURE Approved Electronically |

Form 3.5NC (Rev 2/07)

| FELONY | DR# 15-377256 |
|---|---|
| COMPLAINT | INFORMATION | DOCKET _____ |

GENERAL INFORMATION

## Criminal Court of the City of Syracuse

STATE OF NEW YORK ) ss:  
COUNTY OF ONONDAGA )

*People of the State of New York*  
*vs.*  
**Clifton Phillips (11-18-1957): Defendant**

I, Police Detective S. Fura #466 the COMPLAINANT herein, residing at 511 S. State Street, Syracuse New York. ACCUSE, **Clifton Phillips (11-18-1957)**, the DEFENDANT in this action, and charge that on or about the 21st day of July 2015, at 303 West Pleasant Avenue in the CITY SYRACUSE, COUNTY OF ONONDAGA, STATE OF NEW YORK, at about 1358 o'clock in the afternoon, said DEFENDANT did commit the felony/misdemeanor of Criminal Possession of a Controlled Substance in the 4th degree contrary to the provisions of Section 220.09 Sub (1) of the Penal Law of the STATE OF NEW YORK by **knowingly, unlawfully,**

**Law Section:** A person is guilty of criminal possession of a controlled substance in the fourth degree when he knowingly and unlawfully possesses one or more preparations, compounds, mixtures or substances containing a narcotic substance and said preparations, compounds, mixtures or substances are of an aggregate weight of 1/8 of an ounce or more.

**To Wit:** On the above date, time and location, the above named defendant, Clifton Phillips (11-18-1957) did intentionally, knowingly and unlawfully possess 40 individual colored glassine envelopes in 4 bundles/10 bag increments wrapped with a clear rubber band. Each glassine envelope contained a tan powder like substance. The defendant also possessed 10 green colored glassine envelopes wrapped with a clear rubber band in 1 bundle/10 bag increments containing a tan powder like substance. These items were contained in a knotted clear plastic bag. The above listed substance was later weighed utilizing a certified digital scale, yielding an aggregate weight of 3.64 grams, which is in excess of 1/8 of an ounce.

I have been trained at the Police Academy in the identification of illegal substances and the administration of the various field test kits to test for illegal substances. Based upon this training and experience, including over 3 years of assignment as a Narcotics Detective and over 11 years experience as a Police Officer in which I have conducted numerous narcotics related investigations and made hundreds of narcotics related arrests, I recognized the above listed substance to be consistent with heroin. As such, I administered and a #3 Nitric Acid heroin field test kit to a sample portion of the tan powder like substance, which resulted in a positive indication for the presence of heroin.

The above mentioned tan powder like substance was located in defendant's son's bedroom floor within plain view of this writer. This item was located during the execution of a lawful drug search warrant for the location signed by the Honorable Syracuse City Court Judge Karen Uplinger on the 21st day of July 2015. The defendant possessed multiple boxes of white colored glassine envelopes and clear rubber bands matching the ones recovered from the defendant's son's bedroom. Coinciding with that, latex gloves, breathing masks and numerous clear sandwich bags used for the packaging and distribution of heroin were recovered from the defendant's bedroom. There were no items (dirty spoon, needles, cotton balls etc...) recovered during the execution of drug search warrant that indicated the defendant was a consumer of heroin. The 50 individual dosage units are in excess of what would be considered personal use of a user of heroin over a short period of time and have a monetary street level value of approximately $500.00. The defendant possessed multiple items within the residence indicating his intent to distribute narcotics.  
Criminal Possession of a Controlled Substance in the Fourth Degree is a class C Felony

Being the source of deponent's information and the grounds of his belief as to all matters herein stated upon information and belief are based upon and derived from the annexed affidavit of sworn to on the day of, and /or on personal knowledge.  
(XX) **WHEREFORE I REQUEST THAT CRIMINAL PROCESS BE ISSUED TO COMPEL THE DEFENDANT TO ANSWER THE AFORESAID ACCUSATION.**  
**NOTE:** False statements made herein are punishable as a Class A misdemeanor pursuant to section 210.45 of the Penal Law of the State of NEW YORK.

Sworn before me this  
    day of _____, 2015

AFFIRMED UNDER PENALTY OF PERJURY this  
21st day of July, 2015

**OR**

_____  
CLERK OF CITY COURT – CRIMINAL DIV.

_____ #466  
COMPLAINANT

EXHIBIT H

| MISDEMEANOR | DR# 15-377256 |
| COMPLAINT | INFORMATION | DOCKET _____ |

GENERAL INFORMATION

# Criminal Court of the City of Syracuse

STATE OF NEW YORK      ) ss:
COUNTY OF ONONDAGA     )

*People of the State of New York*
vs.
Clifton Phillips (11-18-1957): Defendant

I, Police Det. S. Fura #0466 the COMPLAINANT herein, residing at 511 S. State Street, Syracuse New York, ACCUSE Clifton Phillips (11-18-1957), the DEFENDANT in this action, and charge that on or about the 21st day of July 2015, at 303 W. Pleasant Ave., in the CITY SYRACUSE, COUNTY OF ONONDAGA, STATE OF NEW YORK, at about 2:34 in the afternoon, said DEFENDANT did commit the misdemeanor of Criminally Using Drug Paraphernalia in the Second degree, contrary to the provisions of Section 220.50 subs 1 of the Penal Law of the STATE OF NEW YORK by **knowingly, unlawfully**;
(1)Diluents, dilutants, or adulterants, including but not limited to, any of the following: quinine hydrochloride, mannitol, mannite, lactose, dextrose, adapted for the dilution of narcotics drugs or stimulants under circumstance evincing an intent to use, or under circumstances evincing knowledge that some person intends to use, the same for purpose of unlawfully mixing, compounding, or otherwise preparing any narcotics drug or stimulant

To Wit: On the above date, time and location, the above named defendant, Clifton Phillips (11-18-1957), did knowingly and unlawfully possess one small white and red bottle containing a unknown white powder like substance which was labeled "Superior Inositol C6 H12 O6". The above listed item was located during the execution of a lawful search warrant signed by the Honorable Syracuse City Court Judge K. Uplinger on July 21th 2015, found inside the defendant's residence.

The bottle, which was labeled "Superior Inositol C6 H12 O6", was located in close proximity to a quantity of crack cocaine, and marijuana, in the basement, as well as baggies that are typically used for packaging illegal substances. The possession of Superior Inositol is consistent with individuals who are packaging and distributing narcotics and other controlled substances including cocaine for the purpose of monetary gain. The Superior Inositol C6 H12 O6 can be used a dilutant to increase the amount of cocaine distributed by reducing its potency. By doing this, the defendant can then increase the amount of cocaine to distributed potential customers and increase his monetary gain.

The possession of the above listed item is consistent with that of an individual who is involved in the distribution of cocaine.

Criminally Using Drug Paraphernalia in the Second Degree is a Class A Misdemeanor.

That the source of deponent's information and the grounds of his belief as to all matters herein stated upon information and belief are based upon and derived from personal knowledge.

**(XX) WHEREFORE I REQUEST THAT CRIMINAL PROCESS BE ISSUED TO COMPEL THE DEFENDANT TO ANSWER THE AFORESAID ACCUSATION.**

NOTE: False statements made herein are punishable as a Class A misdemeanor pursuant to section 210.45 of the Penal Law of the State of NEW YORK.

Sworn before me this
     day of       , 2014

_____
CLERK OF CITY COURT – CRIMINAL DIV.

**OR**

AFFIRMED UNDER PENALTY OF PERJURY this
21st day of July, 2015

_____ 466
COMPLAINANT