**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CLIFTON PHILLIPS,**

> **Plaintiff,**

    **v.**

**DAVID PROUD, WILLIAM SUMMERS,**
**SCOTT FURA, DAVID METZ, JASON EIFFE, and**
**JEFFREY BALLAGH, CITY OF SYRACUSE, et al.**

> **Defendants.**

<u>**ANSWER WITH**</u>
<u>**CROSS-CLAIMS**</u>

**Civil Action No.: 5:16-cv-01140**
        **(LEK/ATB)**

**JURY TRIAL**
**DEMANDED**

_____

    Defendants **DAVID PROUD, WILLIAM SUMMERS, SCOTT FURA, DAVID METZ, JASON EIFFE, AND JEFFREY BALLAGH, CITY OF SYRACUSE,** (collectively "Defendants"), by and through their attorney, JOSEPH E. FAHEY, ESQ. CORPORATION COUNSEL OF THE CITY OF SYRACUSE, Ramona L. Rabeler, Esq., Assistant Corporation Counsel, Of Counsel, answers the Plaintiff's Complaint as follows:

## JURISDICTION

    1.    Defendants **DENY** the allegations contained in paragraph "1" on CM/ECF numbered page 1 of the Complaint herein;

## PARTIES

    2.    Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "2" on CM/ECF numbered page 1 of the Complaint herein;

3.      Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "3" subsections "a" through "p," and subsection "Defendant" on CM/ECF numbered pages 1 through 5 of the Complaint herein;

4.      Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "4," subsections "a" through "c," (including all subsections thereto of both "b" and "c") on CM/ECF numbered page 2 and 6 of the Complaint herein;

5.      Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "5," subsections "a" through "b (i)-(vii)," on CM/ECF numbered pages 6 through 7 of the Complaint herein;

## FACTS

6.      Defendants **DENY KNOWLEDGE OR INFORMATION** sufficient to form a belief as to the allegations contained in paragraph "6," inclusive of the CM/ECF numbered pages 7 through 24, of the Complaint herein;

## CAUSES OF ACTION

7.      Defendants **DENY** the allegations contained in paragraph "7," labeled "FIRST CAUSE OF ACTION," on CM/ECF numbered page 25 of the Complaint herein;

8.      Defendants **DENY** the allegations contained in paragraph "7," labeled "SECOND CAUSE OF ACTION," on CM/ECF numbered page 25 of the Complaint herein;

9.      Defendants **DENY** the allegations contained in paragraph "7," labeled "THIRD CAUSE OF ACTION," on CM/ECF numbered page 25 of the Complaint herein;

## PRAYER FOR RELIEF

10.     Defendants **DENY** the allegations contained in paragraph "8," labeled "PRAYER

FOR RELIEF," on CM/ECF numbered page 26 of the Complaint herein;

## GENERAL DENIAL

11.     Defendants **DENY** all other allegations not specifically admitted herein.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

12.     Any damages alleged to have been sustained by Plaintiff were caused or contributed

to in full or in part by the culpable conduct and/or assumption of the risk of Plaintiff and not by any

culpable conduct on behalf of the Defendants;

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

13.     Some or all of the Plaintiff's claims for compensatory and punitive damages are

barred by applicable state and federal law; barred under the applicable caps under federal law, and

with respect to punitive damages, barred as a matter of law under state law;

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

14.     Any claims for punitive damages violate provisions of the Constitution of the United

States and the State of New York;

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE, DEFENDANTS ALLEGE AS FOLLOWS:

15.     To the extent that the Plaintiff seeks punitive or exemplary damages within his

Complaint against the Defendant City and individual Defendants in their official capacity, such

claims should be dismissed as improper and as the City is immune from such liability;

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE,**
**DEFENDANTS ALLEGE AS FOLLOWS:**

16.     Some or all of the allegations of the Complaint herein fail to state a cause of action upon which relief may be granted;

17.     There is no legal or factual basis for some or all of the relief prayed for by Plaintiff;

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE,**
**DEFENDANTS ALLEGE AS FOLLOWS:**

18.     Plaintiff's pleadings are insufficient and not in the form prescribed pursuant to the Federal Rules of Civil Procedure, thus failing to state a cause of action;

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE,**
**DEFENDANTS ALLEGE AS FOLLOWS:**

19.     Some or all of Plaintiff's claims are barred by the applicable statute of limitations;

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE,**
**DEFENDANTS ALLEGE AS FOLLOWS:**

20.     Some or all of Plaintiff's causes of action are barred by his failure to comply with §§50-e, 50-h, 50-I, and 50-j of the GENERAL MUNICIPAL LAW, and/or the Syracuse City Charter including § 8-115;

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE,**
**DEFENDANTS ALLEGE AS FOLLOWS:**

21.     To the extent Plaintiff has failed to mitigate his damages, his claims for damages are diminished or barred;

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE,**
**DEFENDANTS ALLEGE AS FOLLOWS:**

22.     Some or all of the damages alleged in the complaint are barred and/or subject to the qualifications and limitations of the provisions of Section 4545 of the CPLR;

**AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

23.     Some or all of the Plaintiff's claims are barred because the Plaintiff failed to exhaust his administrative remedies and/or met conditions precedent to the commencement of this action as required by law;

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

24.     Any and all acts of Defendants and any agents or employees of the City were lawful, non-discriminatory, justified and/or privileged in accordance with the law;

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

25.     Any alleged violation of Plaintiff's US or New York State Constitutional rights was not the proximate  cause of Plaintiff's injuries and/or damages;

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

26.     Any actions taken by Defendants as agents of the City including any allegations of searching Plaintiff's person, effects or premises, and/or arresting and detaining Plaintiff, were done in good faith, with probable cause and without malice;

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

27.     Some of Plaintiff's claims, in whole or in part, fail based on a lack of personal involvement by the named Defendants in the alleged constitutional violations;

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

28.     Any force or methods used by Defendants were privileged, reasonable, and necessary;

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE,
## DEFENDANTS ALLEGE AS FOLLOWS:

29.     Defendants acted at all times with probable cause in any alleged search and seizure of Plaintiff's person, property, and residence;

30.     Furthermore, Defendants at all times acted reasonably and legally, under the U.S. Constitution and New York State Constitution, in any alleged search and seizure of Plaintiff's person, property, and residence;

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE,
## DEFENDANTS ALLEGE AS FOLLOWS:

31.     Upon information and belief, Plaintiff has waived, or should be estopped from, asserting some or all of the claims herein including claims related to the legality of any alleged search and/or seizure of his person, property, and residence;

32.     Furthermore, upon information and belief, Plaintiff litigated all matters related to the legality of any alleged search and/or seizure of his person, property, and residence, and is, therefore, is barred from bringing all such related claims in this action;

## AS AND FOR A NINTEENTH AFFIRMATIVE DEFENSE,
## DEFENDANTS ALLEGE AS FOLLOWS:

33.     At all times relevant to this action, all acts of Defendants were justified and in accordance with the discharge of their lawful responsibilities;

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE,
## DEFENDANTS ALLEGE AS FOLLOWS:

34.     Upon information and belief, the Complaint fails to state specific acts of conduct attributable to the Defendants that gives rise to liability pursuant to 42 U.S.C. §1983;

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE,**
**DEFENDANTS ALLEGE AS FOLLOWS:**

35.     Plaintiff's injuries and/or damages, if any, were neither caused by, nor causally related to any act or omission of Defendants;

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE,**
**DEFENDANTS ALLEGE AS FOLLOWS:**

36.     Upon information and belief, if Plaintiff obtains any recovery in this action against the Defendants, such recovery and liability against the Defendants should be limited pursuant to Articles 14 and 16 of the CPLR; the liability, if any, of the Defendants to Plaintiff for non-economic loss shall be limited to the Defendants' equitable share of the culpable conduct causing or contribution to the total liability for the non-economic loss of the Plaintiff, if any;

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE,**
**DEFENDANTS ALLEGE AS FOLLOWS:**

37.     Upon information and belief, Plaintiff may have, or might in the future, reach agreements and/or settlement with other nonparty tortfeasors and in the event of such circumstances, will be obligated to immediately disclose the same to the Defendants at which time the Defendants will have the right to set-off any and all other available relief pursuant to General Obligations Law §15-108, or other applicable rule, law, or authority;

**AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE,**
**DEFENDANTS ALLEGE AS FOLLOWS:**

38.     If the Plaintiff suffered any injury or damage, such injury or damage was caused in whole or in part by a third party acting outside the scope of his employment;

**AS AND FOR A TWENTY-FIFTH  AFFIRMATIVE DEFENSE,**
**DEFENDANTS ALLEGE AS FOLLOWS:**

39.     Any and all acts of the Defendants and/or any agents or employees of the City of Syracuse were privileged, reasonable and necessary and are protected by qualified immunity;

**AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

40.     Any and all acts of the Defendants and/or any agents or employees of the City of

Syracuse were privileged, reasonable, and necessary and are protected by absolute immunity;

**AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

41.     Defendants' actions were not motivated by evil motive or intent and were not

performed with reckless or callous indifference to Plaintiff's state and/or federally protected rights,

or the general public's rights and safety;

**AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

42.     Defendants' actions were not malicious, willful, wanton, reckless, grossly negligent,

or extreme and outrageous;

**AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

43.     Demand is made for a jury trial on all issues;

**AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

44.     Plaintiff has failed to name or join a necessary or indispensable party without whom

relief may not be granted;

**AS AND FOR A THIRTY-FIRST AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

45.     The Court has not obtained personal jurisdiction over each Defendant named in this

action because Plaintiff failed to effectuate personal service of the Summons and Complaint;

**AS AND FOR A THIRTY-SECOND AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

46.     Some or all of Plaintiff's claims are barred by res judicata and/or collateral estoppel.

**AS AND FOR A THIRTY-THIRD AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

47.     Upon information and belief, Defendants' statements were honest, truthful, not fabricated, and so did not violate any U.S. or New York State Constitutional Rights of Plaintiff.

48.     Furthermore, upon information and belief, Defendants did not offer allegedly fabricated evidence but authentic and licitly procured evidence, and so did not violate any U.S. or New York State Constitutional Rights of Plaintiff.

49.     Furthermore, upon information and belief, Defendants at all times followed legal, proper, and reasonable investigative procedures in the collection of evidence and arrest of Plaintiff, and so did not violate any U.S. or New York State Constitutional Rights of Plaintiff.

**AS AND FOR A THIRTY-FOURTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

50.     Upon information and belief, Defendants' actions were in the course of their duties were justified and in accordance with the law and not for any retaliatory and/or retributive purpose, and so did not violate any U.S. or New York State Constitutional Rights of Plaintiff.

**AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

51.     Upon information and belief, investigation and arrest of Plaintiff was made irrespective of race, color, gender, age, or any other protected classification of Plaintiff, and so did not violate any U.S. or New York State Constitutional Rights of Plaintiff.

**AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

52.     If Plaintiff sustained any damages as alleged in the complaint through any acts or omissions other than those of Plaintiff, such damages were caused solely by the negligence and/or culpable conduct of a third person or persons over whom the Defendants had no control and without

negligence and/or culpable conduct on the part of the Defendants.

<b><u>AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE,<br>DEFENDANTS ALLEGE AS FOLLOWS:</u></b>

53.     Plaintiff's own negligent and/or culpable conduct was the actual and proximate cause of Plaintiff's alleged injuries and/or damages.

<b><u>AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE,<br>DEFENDANTS ALLEGE AS FOLLOWS</u></b>

54.     Plaintiff's claims are barred to the extent that Plaintiff's injuries and/or damages were caused or contributed to, in whole or in part, by intervening and superseding causative factors.

<b><u>AS AND FOR A THIRTY-NINTH AFFIRMATIVE DEFENSE,<br>DEFENDANTS ALLEGE AS FOLLOWS</u></b>

55.     Plaintiff's claims, in whole or in part, fail based on a lack of personal involvement by the named Defendant in the alleged constitutional violations.

<b><u>AS AND FOR A FORTIETH AFFIRMATIVE DEFENSE,<br>DEFENDANTS ALLEGE AS FOLLOWS</u></b>

56.     Plaintiff's pleadings are insufficient and not in the form prescribed pursuant to the Federal Rules of Civil Procedure, thus failing to state a cause of action;

<b><u>AS AND FOR A FORTY-FIRST AFFIRMATIVE DEFENSE,<br>DEFENDANTS ALLEGE AS FOLLOWS</u></b>

57.     Plaintiff lacks appropriate capacity to sue and/or prosecute this action.

<b><u>AS AND FOR A FORTY-SECOND AFFIRMATIVE DEFENSE,<br>DEFENDANTS ALLEGE AS FOLLOWS:</u></b>

58.     Plaintiff is guilty of provoking any and all of the actions complained of herein and alleged to have caused him harm, damages, or other violations of his civil rights;

**AS AND FOR A FORTY-THIRD AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

59.      This Court does not have subject matter jurisdiction over some or all of Plaintiff's

claims;

**AS AND FOR A FORTY-FORTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

60.      The Defendant City does not maintain or allow a policy, custom or practice that

        exhibits

deliberate indifference to the constitutional rights of persons in the City of Syracuse, nor any policy

custom or practice that allegedly violated Plaintiff's civil rights;

61.      The City of Syracuse maintains adequate policies that are in accordance with State

and Federal law.

**AS AND FOR A FORTY-FIFTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

62.      The Complaint fails to allege actions taken by officials with final decision making

authority that caused a constitutional violation of Plaintiff's civil rights;

**AS AND FOR A FORTY-SIXTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

63.      Defendants do not and have never developed or maintained a policy or custom to

fail to exercise reasonable care in the hiring supervision, or training of its Police Officers;

**AS AND FOR A FORTY-SEVENTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

64.      Defendant, City of Syracuse properly hired, trained and retained Syracuse Police

Officers;

65.      The training, hiring and retaining of Syracuse Police Officers was proper and did not

promote, lead to or sustain a culture of illegality, misconduct or unlawful discrimination;

**AS AND FOR A FORTY-EIGHTH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

66.     The Complaint should be dismissed in its entirety as Defendants were exercising

discretionary authority and acts in this matter;

**AS AND FOR A FORTY-NINETH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

67.     The Complaint should be dismissed in its entirety as Defendants owed Plaintiff no

special duty of care in this matter.

**AS AND FOR A FIFTITH AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

68.     The Complaint should be dismissed in its entirety as no special relationship ever

existed between Defendants and Plaintiff in this matter.

**AS AND FOR A FIFTY-FIRST AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

69.     As Defendant Officers and the City of Syracuse does not now and has not ever

engaged in the conduct and practices alleged by Plaintiff, there can be no liability under the doctrine

of *Respondeat Superior*, or any other similar theory;

**AS AND FOR A FIFTY-SECOND AFFIRMATIVE DEFENSE,
DEFENDANTS ALLEGE AS FOLLOWS:**

70.     Defendants reserve the right to raise additional defenses, which may become known

during further investigation and discovery in this case.

**AS AND FOR A SEPARATE CROSS CLAIM AGAINST
ALL NAMED CO-DEFENDANTS INCLUDING
PAUL RIGBY, MICHAEL FERRANTE, AND PAUL CASLER**

71.     That if the Plaintiff was caused to sustain damages at the time and place set forth in

Plaintiff's Complaint through any wrongdoing as alleged by Plaintiff on the part of and against the

Defendants answering herein (hereafter "Defendants") other than the Plaintiff's own carelessness, recklessness, negligence, or consent, or otherwise, said damages were sustained by reason of the sole, active, and primary carelessness, recklessness, or negligence or other wrongdoing on the part of the named Co-Defendants, (including Paul Rigby, Michael Ferrante, and Paul Cassler) (hereafter "Co-Defendants"), exclusively, without any active or affirmative negligence or other wrongdoing as alleged by Plaintiff on the part of and against the Defendants answering herein, contributing thereto;

72.     That by reason of the foregoing, the Co-Defendants, will be liable to the Defendants in the event, and in the amount of, recovery herein by Plaintiff, and the Defendants demand apportionment of liability, contribution, indemnification, and judgment over and against the Co-Defendants, for the amount of Plaintiff's recovery and as pursuant to applicable F.R.C.P.


**WHEREFORE**, Defendants respectfully requests judgment dismissing the Complaint with costs, disbursements, attorney's fees, and for such other and further relief as to the Court may seem just and proper or, in the alternative, diminishment of damages recoverable in such proportion as the culpable conduct of the Plaintiff or third persons bear to the culpable conduct of the Defendants, or, in the event of a judgment in favor of the Plaintiff herein against the Defendants, that the ultimate rights of the Defendants, as between themselves, be determined in this action and that the Defendants have judgment over and against the Co-Defendants, for any sum that may be recovered herein by the Plaintiff against the Defendants, together with costs, disbursements,

attorney's fees, and for such other and further relief as to the Court may seem just and proper.

## JURY DEMAND

In the event of a trial herein, Defendants seek a jury trial of all matters in which a jury

trial is permissible by law.

Dated:  April 5, 2017

JOSEPH E. FAHEY, ESQ.
CORPORATION COUNSEL
OF THE CITY OF SYRACUSE
*Attorney for Defendants*

By:_____/s_____.
Ramona L. Rabeler, Esq.
Assistant Corporation Counsel
Of Counsel
Bar Roll No. 512053
300 City Hall
Syracuse, New York 13202
Tel: (315) 448-8400
Fax: (315) 448-8381
Email: rrabeler@syrgov.net

TO:   Clifton Phillips
303 West Pleasant Avenue
Syracuse, NY  13205
*PRO SE*