UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CLIFTON PHILLIPS,

                         Plaintiff,

    -against-                                 5:16-CV-1140 (LEK/ATB)

DAVID PROUD, *et al.*,

                         Defendants.

## DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Clifton Phillips brought this pro se civil-rights action under 42 U.S.C. § 1983, alleging that defendant police officers, government officials, and governmental entities violated his Fourth, Fifth, and Sixth Amendment rights. Dkt. No. 1 ("Complaint"). Now before the Court is Defendants' motion to dismiss for failure to prosecute. Dkt. No. 54 ("Motion"); see also Dkt. Nos. 55 ("Balagh Affidavit"), 56 ("Memorandum"). Plaintiff has not responded to the Motion. For the reasons set forth below the Motion is granted and the Complaint is dismissed.

**II.    BACKGROUND**

    **A.  Factual Background**

The Court assumes familiarity with the facts alleged by Plaintiff in his Complaint and summarized by the Honorable Andrew T. Baxter, U.S. Magistrate Judge, in his preliminary review of the Complaint pursuant to 28 U.S.C. § 1915. Compl.; Dkt. No. 9 ("Report-Recommendation) at 3–7. In short, though, Plaintiff alleged that Defendants violated (1) his Fourth Amendment rights by engaging in an illegal search and seizure on July 21, 2015; (2) his

Fifth Amendment rights by manufacturing false evidence against him; and (3) his Sixth Amendment rights by maliciously prosecuting him for crimes he did not commit.

   **B. Procedural Background**

On July 12, 2017, the Court, via text order, advised Plaintiff that failure to notify the Court of a change of address or to otherwise comply with Court orders may result in the imposition of sanctions, including possible dismissal of his action. Dkt. No. 39. At a July 27, 2017 teleconference, the Court explained the litigation process to the Plaintiff and set a pretrial schedule. Dkt. No. 43. The cutoff for discovery was set for January 16, 2018. Dkt. No. 44. At an October 18, 2017 teleconference, at which Plaintiff appeared, defense counsel advised that discovery demands and a request for Plaintiff to authorize the release of his underlying state court criminal records had been served on Plaintiff, but that these documents demands had gone unanswered and would be re-served. Oct. 18, 2017 Docket Entry.

Plaintiff failed to attend the next teleconference on December 13, 2017. Dec. 13, 2017 Docket Entry. In a text order later that day, Plaintiff was again warned that failure to comply with his discovery obligations or the orders of the Court may result in the imposition of sanctions, including possible dismissal of his action. Dkt. No 47.

At the January 4, 2018 teleconference, at which Plaintiff appeared, defense counsel advised the Court that he had re-served the discovery demands on Plaintiff, but had not received a response. Jan. 4, 2018 Docket Entry. Plaintiff stated that he was having difficulty responding to discovery demands. Id. In a text order later that day, the Court directed Plaintiff to respond to the outstanding discovery demands, and again advised him that his failure to comply may result in dismissal. Dkt. No. 48.

As of the date of this Decision and Order, Plaintiff has failed to respond to Defendants' discovery demands or requests. Mot. at 8. Plaintiff has not communicated with the Court since January 4, 2018. Docket.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 41(b) authorizes involuntary dismissal "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." Fed. R. Civ. P. 41(b). Such a dismissal is "the harshest of sanctions," to be used against a pro se plaintiff's claim "only when the circumstances are sufficiently extreme." Baptiste v. Sommers, 768 F.3d 212, 217 (2d Cir. 2014) (per curiam) (citations omitted). A Rule 41(b) dismissal must also "be proceeded by particular procedural prerequisites," including notice. Id. (quoting Mitchell v. Lyons Prof'l Servs., Inc., 708 F.3d 463, 467 (2d Cir. 2013)). "A district court considering a Rule 41(b) dismissal must weigh five factors," no one of which is generally dispositive:

> (1) [T]he duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Id. at 216 (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)).

Local Rule 41.2(a) states that "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." Courts have repeatedly dismissed cases because the plaintiff failed to prosecute for four months. See, e.g. Deptola v. Doe, No. 04-CV-1379, 2005 WL 2483341, at *2 (E.D.N.Y. Oct. 7, 2005); Wilson v. Oxford Health Plans (N.Y.),

3

Inc., No. 01-CV-3417, 2002 WL 1770813, at *2–4 (S.D.N.Y. July 31, 2002); Antonios A. Alevizopoulos & Assocs., Inc. v. Comcast Int'l Holdings, Inc., No. 99-CV-9311, 2000 WL 1677984, at *2 (S.D.N.Y. Nov. 8, 2000).

## IV. DISCUSSION

In this case, the Baptiste factors weigh in favor of dismissal. First, by January 4, 2018, Plaintiff had been served discovery demands and had been directed by the Court to respond to them. Jan. 4, 2018 Docket Entry. But some nine months later, Plaintiff still has not done so, well in excess of the four-months that create a presumption of lack of prosecution under the Local Rules. There is no basis for believing that a renewal of communication is imminent. Second, the Court has repeatedly informed Plaintiff that his failure to notify the Court of a change of address or comply with orders of the Court may result in sanctions, including dismissal of his Complaint. Dkt. No. 39, 47–48. Third, further delay would prejudice Defendants. The discovery period in this case was scheduled to close by January 16, 2018, Dkt. No. 44, but discovery has been delayed due to Plaintiff's absence from the case. Fourth, continued delay cannot vindicate Plaintiff's interest in receiving an opportunity to be heard unless he offers some indication that he intends to take up that opportunity. Yet Plaintiff has made no such indication. Fifth, and finally, "there is nothing in the record to suggest that a sanction less serious than dismissal will resolve the plaintiff's failure to cooperate." Singleton v. City of New York, No. 14-CV-9355, 2015 WL 9581781, at *2 (S.D.N.Y. Dec. 30, 2015). A financial penalty may be even stronger medicine than dismissal for a pro se plaintiff proceeding in forma pauperis.

Simply put, "[t]here is no indication that [Plaintiff] wishes to continue with this action." Garcia v. Tal on 1st Inc., No. 14-CV-9042, 2016 WL 205442, at *2 (S.D.N.Y. Jan. 15, 2016).

4

The "circumstances are sufficiently extreme" to warrant dismissal. Id. (quoting Lucas, 84 F.3d at 535); see also, e.g., Osborn v. Montgomery, No. 15-CV-9730, 2018 WL 2059842, at *1–2 (S.D.N.Y. May 1, 2018) (adopting magistrate judge's recommendation of dismissal after a pro se litigant's failure to update his address and communicate with the court or opposing counsel caused a five-month delay in proceedings).

Accordingly, this case is dismissed.

The exact timing of the alleged malicious prosecution is unclear from the Complaint, but for the alleged July 21, 2015 wrongdoing underlying all other claims, the three-year statute of limitations has passed. N.Y. C.P.L.R. § 214(5). Accordingly, dismissal for all claims except for the malicious prosecution claim shall be with prejudice. While the Court has discretion to likewise dismiss the malicious prosecution claim with prejudice, the Court dismisses that claim without prejudice, in light of Plaintiff's pro se status.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendants' Motion to Dismiss (Dkt. No. 54) is **GRANTED**, and the Complaint is **DISMISSED with prejudice** as to all claims except for the malicious prosecution claim, which is **DISMISSED without prejudice**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   October 30, 2018
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge